IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DALIUVIS DELFINO GAINZA,

    Petitioner,

v.                                       No. 2:26-cv-00028-KG-SCY

TODD LYONS, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Delfino Gainza's Motion to Enforce, Doc. 15, and the Government's Response, Doc. 21.  Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 14, did not comply with the due process requirements set forth in that Order.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

## I.    *Background*

Petitioner is a Cuban citizen who entered the United States in December 2024.  Doc. 1 at 1.  Immigration and Customs Enforcement ("ICE") arrested Petitioner on June 9, 2025.  *Id.* at 2.  She remains detained within the District of New Mexico.  *Id.* at 4.

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 14 at 3.  On February 3, 2026, the Court ordered the Government to provide a bond hearing within seven days, at which it had

---

[1] The DAR of the Bond Hearing (February 10, 2026) is on file with the Court and lodged at Doc. 26 (the "Audio Recording").

the burden to justify her continued detention by clear and convincing evidence, or release her. *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on February 10, 2026. *See* Doc. 15 at 2. During the hearing, the IJ explicitly asked Petitioner's counsel whether the case "is a burden shifting" to which Petitioner's counsel responded in the affirmative. Audio Recording at 2:11. The IJ also said "the burden is with her to establish that by clear and convincing evidence" in reference to Government counsel. *Id.* at 8:20. The Government argued that Petitioner was a "flight risk" and that the relief she was seeking was "speculative" because of changes in administration policy related to immigrants from Cuba. *Id.* at 4:55, 5:33. After questioning and hearing from Petitioner's counsel, the IJ found that the changes in administration policy "materially effect [Petitioner's] relief options" and sided with the Government, denying bond. *Id.* at 19:30. The IJ informed Petitioner of her right to appeal the bond order, and she reserved. *Id.* at 19:55. Petitioner moves to enforce the Court's prior order, arguing that the IJ improperly relied on "the same erroneous framework." Doc. 15 at 2. Petitioner summarized the evidence she provided to the IJ while also arguing that the Government "provided no evidence regarding flight risk or danger to the community." *Id.*

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at an 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government. Doc. 9 at 5. Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework. To the contrary, the IJ

acknowledged that DHS bore the burden of justifying detention, and the Government made individualized arguments for Petitioner's continued detention. *See* Audio Recording at 4:55, 8:20. This Court's jurisdiction does not extend to reconsidering the IJ's bond determination once the burden was properly shifted. A review of the bond determination is for the Board of Immigration Appeals.

### III.    Conclusion

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 15, is denied. Petitioner's ancillary motions, Docs. 18, 22, and 23, are denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.